UNITED STATES, RESPONDENT, v. ANDREW P. SCHOW, APPELLANT.

CRIMINAL LAW.—UNLAWFUL CO-HABITATION.—EVIDENCE.—CORPUS DELICTI.—On an indictment for unlawful cohabitation, the deliberately made confessions of the defendant that he committed the offense with which he is charged, made out of court and proved at the trial by two witnesses are sufficient to sustain a conviction.

APPEAL from a motion refusing a new trial and from a judgment of the district court of the second district. The evidence in this case showed that the defendant was arrested while traveling from southern Utah to Salt Lake City. He had a woman with him in the wagon, and stated that the woman with him was his second wife. He then stated that he was guilty of the crime of unlawful co-habitation. Afterwards he was arraigned upon an indictment for unlawful co-habitation with two women named therein, but he stated in open court that the name of his second wife was wrong, and that he was guilty and would plead guilty to an indictment charging him with unlawful cohabitation with his two wives for the time charged.

*Mr. Presly Denny* for the appellant.

*Mr. Charles S. Varian*, U. S. Attorney, and *Mr. John M. Zane*, Assistant U. S. Attorney, for the respondent.

BLACKBURN, J.

The judgment in this case must be affirmed. We think the evidence fully supports the verdict of the jury, and we find no error in the instructions of the court, or in any of the proceedings in the case. The defendant was convicted alone on the proof of his admissions made out of court, and the contention of his counsel is that such proof does not justify a verdict of guilty. It is true that this character of testimony is to be taken and considered with great

caution. The evidence shows that the admissions upon which conviction was had, were deliberately and intelligently made, and were fully and particularly proved by two intelligent witnesses. Admissions of this character are of great weight, and most satisfactory. 1 Greenl. Ev. Sec. 200. The judgment is affirmed.

ZANE, C. J., and HENDERSON, J., concurred.